# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT SMITH, | 1:11-cv-01390-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE AS TO WHY ACTION SHOULD NOT BE DISMISSED AS TIME BARRED AND FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| K. MOORE, et al., | (Doc. 1) |
| Defendants. | |

**I.   Factual and Procedural Background**

Roosevelt Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 22, 2011, Plaintiff filed his original complaint. In addition to stating that the claims stem from conduct which occurred September 3, 1994, Plaintiff also concedes in his complaint that he has not exhausted administrative remedies. (Doc. 1 at 3-4).

**II.   Statute of Limitations**

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations. *Jones v. Blanas*, 393 F.3d 918, 927 (2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914. The Court finds that California's statute Cal. Civ. Proc. Code § 338 which creates

a three year statute of limitations for "an action upon a liability created by statute . . ." applies in this action as section 1983 is the statute that creates liability for Plaintiff's claims of equal protection violations due to racial profiling.[1]  Cal. Civ. Proc. Code § 338 (West 2010); *Jones*, 393 F.3d at 927.

In actions where the federal court borrows the state statute of limitation, courts should also borrow all applicable provisions for tolling the limitations period found in state law. *Jones*, 393 F.3d at 927.  Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1 (West 2010).  However, in this instance, Plaintiff complains of events that occurred prior to his incarceration. As Plaintiff's claims involve conduct which occurred September 3, 1994, Plaintiff's claims are time-barred.  *See Knox v. Davis, 260 F.3d 1009*, 1013 (9th Cir.2001) (a § 1983 "'claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action'" (citation omitted)); Cal. Civ. Proc. Code § 338; Cal. Civ. Proc. Code § 352.1.

### III.    Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001).  A prisoner must "must use all steps the prison holds out,

---

[1] More frequently 1983 actions involve excessive force claims and thus courts generally apply Cal. Civ. Proc. Code § 335.1 (West 2010) for the statute of limitations.  However, as this case does not appear to involve battery or physical injury, the Court finds Cal. Civ. Proc. Code § 338 (West 2010 (effective January 1, 2007 to December 31, 2010)) more appropriate.

1  enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir.
2  2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).  A prisoner's concession to
3  non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies.  42
4  U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

5  The Court takes judicial notice of the fact that the California Department of Corrections and
6  Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit.
7  15 § 3084.1 (2011).  The process is initiated by submitting a CDC Form 602.  *Id.* at § 3084.2.  Three
8  levels of appeal are involved, including the first formal level, second formal level, and third formal
9  level, also known as the "Director's Level." *Id.* at § 3084.7.  Appeals must be submitted within thirty
10 calendar days of the event being appealed, and the process is initiated by submission of the appeal
11 to the informal level, or in some circumstances, the first formal level.  *Id.* at §§ 3084.8.

12 In order to satisfy section 1997e(a), California state prisoners are required to use the available
13 process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378,
14 2383 (2006); *McKinney*, 311 F.3d at 1199-1201.  "[E]xhaustion is mandatory under the PLRA and
15 . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435
16 U.S. at 524).  "All 'available' remedies must now be exhausted; those remedies need not meet
17 federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting
18 *Booth*, 532 U.S. at 739 n.5).

19 In Plaintiff's complaint filed August 22, 2011, Plaintiff concedes that he has not filed a
20 grievance and that the grievance processes in not complete.  (Doc. 1 at 3).
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

### IV. Conclusion and Order

Because it is apparent that Plaintiff's claim is time-barred and Plaintiff has not completed the grievance process, the Court HEREBY ORDERS:

1. Within thirty (30) days of the date of service of this order, Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for being time-barred; and

2. within thirty (30) days of the date of service of this order, Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:     September 6, 2011

UNITED STATES MAGISTRATE JUDGE