# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT SMITH,<br><br>             Plaintiff,<br><br>     v.<br><br>K. MOORE, et al.,<br><br>             Defendants.<br>_____/ | 1:11-cv-01390-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT THIS ACTION BE DISMISSED AS TIME BARRED AND FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. 1) |

## I.     Factual and Procedural Background

Roosevelt Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 22, 2011, Plaintiff filed his original complaint. (Doc. 1). In addition to presenting claims stemming from conduct which occurred September 3, 1994, Plaintiff also concedes in his complaint that he has not exhausted administrative remedies. (Doc. 1 at 3-4). On September 9, 2011, the Court issued an order to show cause as to why the action should not be dismissed on the grounds of being time barred, for failure to state a claim and for failure to exhaust administrative remedies.[1] (Doc. 5). On September 29,

---

[1] In Plaintiff's response to the order to show cause, Plaintiff asserts that he exhausted administrative remedies on April 8, 2011 by presenting his claim to the Board of Supervisors of Stanislaus County. (Doc. 11 at 7). Plaintiff also asserts that he believes he exhausted his administrative remedies on July 27, 2010 through filing a complaint with the civil rights division of the U.S. Department of Justice. (Doc. 11 at 7). Given the time requirements to file grievances in order to exhaust administrative remedies, the Court doubts that Plaintiff exhausted administrative remedies. However, given that Plaintiff's action is time-barred, the Court need not address Plaintiff's action for failure to exhaust administrative remedies.

1

2011, Plaintiff filed a response to the Court's order to show cause. (Doc. 11).

## II.   Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations. *Jones v. Blanas*, 393 F.3d 918, 927 (2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914. California's statute Cal. Civ. Proc. Code § 338 creates a three year statute of limitations for "an action upon a liability created by statute . . ." applies since section 1983 is the statute that creates liability for Plaintiff's claims of violations of equal protection rights due to racial profiling.[2] Cal. Civ. Proc. Code § 338 (West 2010); *Jones*, 393 F.3d at 927.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. *Jones*, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction, enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1 (West 2010).

Plaintiff argues in his response that the claims stemming from 1994 should not be time-barred because at the time of the alleged violations, Plaintiff was functionally illiterate with an educational test score of 2.9. (Doc. 11 at 3). Plaintiff argues that since he did not know how to read the law or understand court proceedings, he did know nor should have known of the violation. (Doc. 11 at 3). However, under the California discovery rule, 'the plaintiff discovers the cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof.' *O'Connor v. Boeing North American, Inc.*, 311 F.3d 1139, 1148 (9th Cir. 2002) (quoting *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 981 P.2d 79, 88) (Cal. 1999). Even if Plaintiff were to establish that he was mentally incapacitated in order to avail himself to tolling,

---

[2] More frequently 1983 actions involve excessive force claims and thus courts generally apply Cal. Civ. Proc. Code § 335.1 (West 2010) for the statute of limitations. However, as this case does not involve battery or physical injury, the Court finds Cal. Civ. Proc. Code § 338 (West 2010 (effective January 1, 2007 to December 31, 2010)) more appropriate.

under California law, "[w]hile a plaintiff's mental incapacity generally tolls the running of the statute of limitations, the [tolling] statute expressly exempts an action against a public entity on which a claim must be filed." *Paniagua v. Orange County Fire Authority*, 149 Cal.App.4th 83, 89; 56 Cal.Rptr.3d 746, 750 (Cal. App. 2007) (citing Cal. Civ. Proc. Code § 352.1).

As Plaintiff's claims involve conduct which occurred September 3, 1994, and Plaintiff has failed to demonstrate that additional tolling should apply to him on the basis of his illiteracy, Plaintiff's claims arising from events which occurred in 1994 are time-barred. *See O'Connor v. Boeing North American, Inc.*, 311 F.3d 1139, 1148 (9th Cir. 2002); *Paniagua v. Orange County Fire Authority*, 149 Cal.App.4th 83, 89; 56 Cal.Rptr.3d 746, 750 (Cal. App. 2007); Cal. Civ. Proc. Code § 352.1; Cal. Civ. Proc. Code § 338; Cal. Civ. Proc. Code § 352.1. Additionally, since it is apparent that Plaintiff cannot prove any set of facts that would establish the timeliness of his action, the Court recommends that Plaintiff's claim is dismissed for failure to state a claim upon which relief could be granted. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

### III.   Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS: That Plaintiff's action filed on August 22, 2011, be dismissed with prejudice as time-barred and failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:    October 19, 2011                                            _____
                                                                                          UNITED STATES MAGISTRATE JUDGE